CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 19 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SUNSHINE W. GOOD, | Civil Action No. 5:10CV00060 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Hon. Glen E. Conrad<br>Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Sunshine W. Good, was born on May 16, 1958 and eventually completed her high school education. Mrs. Good also received training as an x-ray technician. In terms of past relevant work experience, the record indicates that Mrs. Good was employed by Kroger Supermarket for over 30 years, performing a variety of functions. Based on the testimony of a vocational expert, the Administrative Law Judge found that plaintiff's past work activity was light to medium in

exertional requirements. (TR 17). On February 2, 2006, Mrs. Good filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on October 11, 2005 due to lumbar disc disease, depression, anxiety, constipation, and acid reflux. Mrs. Good now maintains that she has remained disabled to the present time. The record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mrs. Good's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated December 26, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that plaintiff suffers from a severe impairment on the basis of degenerative disc disease as well as nonsevere impairments including anxiety disorder and depression. Because of plaintiff's back problems, the Law Judge ruled that Mrs. Good is unable to perform her past relevant work activity. However, the Law Judge found that plaintiff retains the residual functional capacity to perform light work activity not requiring climbing of ladders/ropes/scaffolds or more than occasional stooping and climbing of ramps/stairs. Given such a residual functional capacity, and after considering plaintiff's age, education, and past work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mrs. Good retains sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. See 20 C.F.R. § 404.1569, and Rules 202.21 and 202.22 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mrs. Good is not disabled, and that she is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the

Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Good has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record reveals that Mrs. Good suffers from serious back problems, various emotional difficulties, and acid reflux disease. There is no reason to believe that plaintiff's acid reflux disease is vocationally significant. Moreover, the court must agree with the Administrative Law Judge's assessment that plaintiff's emotional difficulties are not severe, and that these problems have remained under relatively good control through professional attention and appropriate medication. Stated differently, there is no medical evidence, at least during the period covered by the Administrative Law Judge's decision, which indicates that plaintiff's depression and anxiety would affect performance of any work activity for which she is otherwise physically capable. Without question, Mrs. Good's most serious medical condition consists of her back problem. Several different MRIs have revealed spinal stenosis and disc

protrusion in the lumbar spine. While the Administrative Law Judge found that plaintiff's back problems do not prevent performance of light exertion on a sustained basis, the court questions whether the medical record supports a finding of residual functional capacity for anything more than sedentary levels of work. However, regardless of whether plaintiff enjoys residual functional capacity for up to light levels of exertion, or whether she is limited to no more than sedentary work activity, the court believes that the Administrative Law Judge properly relied on the medical vocational guidelines in concluding that Mrs. Good is not disabled for all forms of work activity, given her age, education, and prior work experience. It follows that the final decision of the Commissioner denying plaintiff's claim for disability insurance benefits must be affirmed.

It seems that Mrs. Good has experienced progressively worsening back problems over a period of several years. At some point during the early 2000s, plaintiff began seeing Dr. Galen G. Craun, an orthopaedic specialist. Dr. Craun arranged for an MRI on April 18, 2005. The MRI was interpreted as follows:

> Moderate broad-based disc protrusion at L4-5 with annular tear producing moderate acquired central spinal and bilateral foraminal encroachment, somewhat worse to the right, in concert with bilateral posterior element overgrowth.

(TR 171). After considering the MRI results, Dr. Craun recommended weight control, job modification, and medications as means of pain control. He did not consider Mrs. Good to be a surgical candidate. On May 31, 2005, Dr. Craun offered the following comments:

> She is still having pain in the left hip and leg but overall is somewhat improved. She is very concerned about her job as it aggravates her back, hip and legs considerably. She has lifted weights sometimes up to 30, 40, 50 lbs. with heavy cat litter bags, clerking, stocking around Kroger's store where she works. She will try to continue her usual job at this time. If it becomes progressively worse, she may need to consider job modification.

(TR 199). On October 4, 2005, Dr. Craun reported as follows:

4

> She comes today for a discussion of her current job condition. She has worked for Kroger for 30 years. She is having increasing difficulty with her back secondary to her lumbar disc disease at L4-L5 and spinal stenosis and foraminal stenosis. She continues to have pain in the [] low back, bilateral hip and legs, worse on the left. The pain is aggravated with bending and stooping. She is required to lift 10 to 20 and sometimes 30 pounds repetitously [sic] at work, kneels, bends, stoops all day long eight hours a day, which is very taxing and causing significant back pain. We have tried to modify her work in the past but this doesn't seem to be lasting. It is my recommendation that she does not continue working for the Kroger Grocer Store given her increasing pain with documented discogenic disease and symptoms.

(TR 199). One week later, Dr. Craun reported that plaintiff would be unable to continue working for Kroger, and that he considered her disabled for such work. (TR 196).

Dr. Kevin Barlotta completed a consultative evaluation on May 6, 2006. Dr. Barlotta saw Mrs. Good at the behest of the Disability Determination Services. Dr. Barlotta summarized plaintiff's medical history. He noted that her depression, anxiety, and acid reflux were fairly well controlled. In terms of plaintiff's back condition, Dr. Barlotta summarized plaintiff's progressively worsening symptoms. By way of clinical findings, Dr. Barlotta noted some minimal decrease in lumbar flexion. Straight leg raising was said to be negative bilaterally in both sitting and supine positions. Dr. Barlotta concluded as follows:

> In regards to the patient's depression and anxiety, she is well controlled on Wellbutrin. She sees a psychiatrist. She has no suicidal or homicidal ideation and is well controlled from this standpoint. She has no limitations per her own recollection here today. I see no limitations here.
>
> Back pain. The patient has a back pain that has been on and off since 1988 with a diagnosis of an MRI showing some lumbar disc disease and mild encroachment in her canal as well as her foramina. She does have subjective pain here today. She does have limited L-spine flexion to 80 degrees on exam today secondary to back pain. She has no neurologic deficits here today. She does not have any pain medications other than over-the-counter Aleve and Tylenol and some home stretching exercise. She is not currently undergoing physical therapy and not currently getting injections, plan for surgery or otherwise. She actually is quite limited here on exam today. She shows no

gross limitations. She walks without assistive devices and her pain would be the one limiting factor for her.

(TR 255).

Mrs. Good has been seen on a regular basis by her treating physician, Dr. Robert P. Pence. On June 20, 2006, Dr. Pence completed a physical capacities evaluation. Dr. Pence opined that plaintiff can sit for no more than two hours in an eight hour day, and that she can stand and walk for up to six hours. He reported that Mrs. Good could be expected to lift no more than 10 pounds on an occasional basis, and that she is unable to bend, squat, or crawl. On December 7, 2009, Dr. Pence reported as follows:

> This is to document her current state as far as disability from her low back problems. I saw Sunshine on 12/01/2009 for follow-up and reviewed the most recent MRI that we acquired on 11/20/2009. This again showed degenerative joint disease that is at least as bad as it was at the prior MRI, if not worse. Her symptoms continue to be very significant in preventing her from many daily activities she would like to do. Here in the office, Sunshine has significant stiffness and pain especially after sitting for any length of time. This clearly shows that Sunshine will continue with chronic low back pain that will not improve. This supports her continued complete disability from her job, which dates back to 10/11/2005.

(TR 457).

In short, it appears to the court that no physician has determined that plaintiff is disabled for all forms of work activity, nor has any physician suggested that plaintiff's MRI findings are consistent with totally disabling pain and subjective discomfort. Both Dr. Craun and Dr. Pence produced evaluations which confirm that Mrs. Good is disabled for the light to medium work activity she previously performed at Kroger. The court must conclude, however, that fair readings of the narrative reports from both treating physicians do not support a finding of disability for all forms of work activity. Likewise, while the consultative physician found that Mrs. Good is impaired, his clinical

findings were not overly remarkable. The court believes that the Administrative Law Judge might reasonably conclude that the medical record in this case does not support a finding of total disability for all forms of work.

In passing, the court notes that the Law Judge's finding of residual functional capacity for light work activity is not consistent with Dr. Pence's physical capacities evaluation. For that matter, the results of the MRI studies in this case do not support the notion that plaintiff can now engage in any lifting on a regular and sustained basis. Dr. Pence is the only treating physician who has actually undertaken to assess plaintiff's residual functional capacity. At most, his evaluation suggests residual functional capacity for no more than sedentary exertional activity. However, even assuming residual functional capacity for no more than sedentary exertion, and given the other findings of the Administrative Law Judge, which the court considers to be supported by substantial evidence, the medical vocational guidelines still direct a determination of not disabled in Mrs. Good's case, at least during the period of time in which she was still considered to be a "younger individual."[1] See Rules 201.21 and 201.22 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Thus, the court concludes the Commissioner's denial of plaintiff's claim for benefits is supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed.

---

[1] Inasmuch as Mrs. Good did not reach the age of 50 until a few months after the issuance of the Administrative Law Judge's opinion, she was considered to be a younger individual at all relevant times covered by that opinion. See 20 C.F.R. § 404.1563(c). However, Mrs. Good has now become a "person closely approaching advanced age," having attained the age of 50 on May 16, 2008. See 20 C.F.R. § 404.1563(d). Under the court's assessment of plaintiff's case, she became disabled under the medical vocational guidelines on her fiftieth birthday (which is prior to the termination of her insured status) if her past work skills are deemed to be "non transferrable." Cf. Rules 201.14 and 201.15 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Mrs. Good may wish to consider filing a new application for disability insurance benefits.

In affirming the Commissioner's final decision, the court does not suggest that Mrs. Good is free of all pain, discomfort, weakness, and fatigue. Indeed, the medical record confirms that plaintiff suffers from a serious back condition which can be expected to result in definite subjective manifestations. However, it must again be noted that neither doctor who treated plaintiff's back condition over a period of time stated that she is disabled for all forms of work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 19th day of January, 2011.

_____
Chief United States District Judge